IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Patsy Hermanson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Bi-Lo, LLC d/b/a Bi-Lo Store #05638, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 3:20-cv-03956-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to Plaintiff Patsy Hermanson's Motion to Remand the instant case to the Court of Common Pleas of Richland County, South Carolina. (ECF No. 9.) Defendant Bi-Lo, LLC d/b/a Bi-Lo Store #05638 opposes Plaintiff's Motion to Remand (ECF No. 9) and requests that the court retain jurisdiction. (ECF No. 12.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 9).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2020, Plaintiff filed a Complaint requesting a jury trial in the Court of Common Pleas in Richland County, South Carolina. (ECF No. 1-1 at 1.) Plaintiff alleges that on May 15, 2019, she slipped on a crushed grape and fell while visiting BI-LO Store #05638. (ECF No. 1-1 at 3.) Plaintiff claims that Defendant's negligent failure to maintain its premises in a safe condition caused her to slip and fall, which resulted in "significant injuries" to her left knee, hip, and shoulder. (ECF No. 1-1 at 4-5.)

For jurisdictional purposes, Plaintiff claims that she is a resident of the State of South Carolina. (ECF No. 1-1 at 1.) Additionally, Plaintiff did not specify the amount of damages in the Complaint but "prays for judgment against the Defendants for actual damages and consequential damages; for punitive damages; for costs of this action; and for such other and further legal and

1

equitable relief as this Honorable Court may deem just and proper." (ECF No. 1-1 at 6.)

On November 12, 2020, Defendant filed a Notice of Removal asserting the court possessed jurisdiction over the matter because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists pursuant to 28 U.S.C. 1332(a)(1). (ECF No. 1 at 1-2.)

On November 20, 2020, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c). (ECF No. 9 at 1.) Plaintiff argued that "Defendant cannot point to any affirmative evidence that the amount in controversy exceeds $75,000," and that Defendant must offer more than Plaintiff's refusal to enter a binding stipulation limiting her damages. (ECF No 9. at 4.) Additionally, Plaintiff moves for attorney's fees and costs of removal under 28 U.S.C. § 1447. (ECF No. 9 at 5.)

On December 2, 2020, Defendant filed a Response in Opposition to Plaintiff's Motion to Remand. (ECF No. 12.) Defendant argued that removal is proper because Plaintiff: (1) failed to plead less than the jurisdictional amount; and (2) denied that the amount in controversy does not exceed $75,000.00 in its response to Defendant's Request to Admit. (ECF No. 12 at 8; ECF No. 12-3 at 1.)

On December 9, 2020, Plaintiff filed a Reply in Support of Motion to Remand (ECF No. 14). Plaintiff reiterated her argument that "Defendant has no affirmative evidence that the amount in controversy is more than $75,000." (ECF No. 14 at 2). Moreover, Plaintiff asserted that remand is not conditioned on whether the Complaint limits recovery to below the jurisdictional minimum. (ECF No. 14 at 1.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. §

1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between— (1) citizens of different states. . . ." 28 U.S.C. § 1332(a). The removing party has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d at 148, 151 (4th Cir. 1994). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be removed in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The United States Court of Appeals for the Fourth Circuit has not set forth a rule concerning the burden of proof on the removing party in regard to establishing the amount in controversy. *See, e.g., Rota v. Consolidation Coal Co.,* No. 98-1807, 1999 WL 183873, at *5 (4th Cir. Apr. 5, 1999) (expressly declining to adopt a particular standard of proof for determining the amount in controversy). Courts within the District of South Carolina are inclined to require "defendants in this position to show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." *Phillips v. Whirlpool Corp.,* 351 F. Supp. 2d 458, 461 (D.S.C. 2005).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Cas. Co.,* 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938)). Where a complaint does not specify an amount, "the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in

3

controversy." *Mattison v. Wal–Mart Stores, Inc.,* No. 6:10–cv–01739–JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal citation and quotations omitted). Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. *Id.* Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction. *Id.; see also Thompson,* 32 F. Supp. 2d at 849 (holding the amount in controversy indisputably exceeds $75,000.00 where complaint sought consequential damages, punitive damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages claimed).

An order to remand may include the payment of actual costs, including attorney's fees, incurred due to the removal. 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Conversely, where there is an objective basis for removal, fees should be denied. *Id.* "Whether or not to award attorney fees under this section is left to the sound discretion of the court." *Crawford v. C. Richard Dobson Builders, Inc.,* 597 F. Supp. 2d 605, 612 (D.S.C. 2009).

### III. ANALYSIS

The parties do not dispute there is complete diversity. (*See* ECF No. 12 at 3.) Instead, the parties disagree as to whether the amount-in-controversy requirement is satisfied. (ECF No. 9 at 4; ECF No. 12 at 8.) The resolution of Plaintiff's Motion to Remand turns on that issue.

It is well settled that in determining the amount in controversy for federal diversity jurisdiction, the amount claimed by the plaintiff in her complaint controls unless the claim is made

4

in bad faith. *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" (quoting *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, (1961) (internal quotation marks omitted))); *Hamilton v. Ocwen Loan Servicing, LLC*, No. 9:12-CV-03111-PMD, 2013 WL 499159, at *3 (D.S.C. Feb. 7, 2013). However, Plaintiff's Complaint does not specify an amount. (ECF No. 1-1 at 6.) Moreover, Defendant has not alleged bad faith. (ECF No. 9 at 6.) Thus, in determining the value of the matter in controversy the court may look to "the object which is sought to be accomplished by the plaintiff." *Mattison*, 2011 WL 494395, at *2 (internal citation and quotations omitted). Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. *Id.*

Plaintiff is correct in her assertion that her refusal to enter into a pre-removal binding stipulation limiting damages does not, on its own, establish that the amount in controversy exceeds the jurisdictional minimum. (ECF No. 9 at 4 (citing *Bell v. Qwest Commc'ns Int'l, Inc.*, No. CIV.A. 8:11-00037, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011) ("A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference.")).) However, in this case, Plaintiff has made no pre-removal assertions that the amount in controversy would not exceed $75,000.00. *See Mattison*, 2011 WL 494395, at *3.

Consequently, removal of this case to federal court is proper because Defendant met the amount in controversy requirement. When viewing Plaintiff's Complaint and her prayer for relief, there is a reasonable probability that she could recover in excess of $75,000.00 if she were to

5

prevail on all of her requested damages in this case. Plaintiff's Complaint alleges that she suffered "significant injuries that required her to seek necessary medical treatment, including extensive physical therapy and rehabilitation to her left knee, hip, and shoulder." (ECF No. 1-1 at 4.) Plaintiff's Complaint also alleges that "as a result of these injuries, Plaintiff has incurred, and will continue to incur in the future, medical treatment and expenses, and has suffered, and will continue to suffer in the future, permanent injury, inconvenience, physical pain and suffering, mental and emotional anguish, and a loss of enjoyment of life." (ECF No 1-1 at 4.) In addition to her claim for actual and consequential damages in an undetermined amount, Plaintiff's Complaint also includes a prayer for relief requesting punitive damages, costs, and other legal and equitable relief. Even though Plaintiff's Complaint does not specify the exact amount of damages she is claiming in this action, her request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for her to prove she could not possibly recover the jurisdictional limit were she to prevail at trial. *See Woodward v. Newcourt Comm. Fin. Corp.,* 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"); *Mattison,* 2011 WL 494395, at *4 (Denying a motion to remand where Plaintiff's request for punitive damages made it "difficult for [Plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial.").

Although Plaintiff did not include a determinate amount of damages in her Complaint, Plaintiff sent Defendant a demand letter prior to filing suit asking for $50,000.00 for the settlement of Plaintiff's claims. (ECF No. 9-1 at 1.) The demand letter claims that Plaintiff's medical expenses as of May 26, 2020, were "in excess of $10,908.00." (ECF No. 9-1 at 3.) Plaintiff argues that this demand letter shows that Defendant knew that Plaintiff's claims did not exceed $75,000.00. (ECF

6

No. 9 at 4; ECF No. 14 at 4.) But the demand letter also states that Plaintiff "is likely to require additional physical therapy in the future, which will of course result in additional medical expenses," similar to Plaintiff's Complaint. (ECF No. 9-1 at 3.) Additionally, the demand letter also asserts that Plaintiff "is entitled to recover for the significant pain and suffering, loss of enjoyment of life, inconvenience, and mental and emotional distress she has suffered as a result of Bi-Lo's negligence." (ECF No. 9-1 at 3.) While it is true that Plaintiff does not bear the burden of proving the amount in controversy does not exceed the jurisdictional minimum, Plaintiff may not rely on the demand letter as proof that the true amount in controversy is closer to $11,000.00 and, at the same time, claim that she is entitled to such additional damages in an indeterminate amount. In light of the court's decision that removal was proper, it is unnecessary to address Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c). *Meadows v. Nationwide Mut. Ins. Co.*, No. 1:14-CV-04531-JMC, 2015 WL 3490062, at *5 (D.S.C. June 3, 2015).

## IV. CONCLUSION

Based on the forgoing reasons, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 9). In addition, the court lifts the stay of this action (ECF No. 16) and **INSTRUCTS** the parties to submit a jointly proposed scheduling order on or before September 14, 2021.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 31, 2021
Columbia, South Carolina